

Villanova University School of Law Digital Repository

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-31-2008

# USA v. Davis

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3779

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Davis" (2008). *2008 Decisions.* Paper 1361.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1361

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-3779
_____

UNITED STATES OF AMERICA

v.

MAURICE T. DAVIS,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 05-cr-00454-3)
District Judge:  Honorable J. Curtis Joyner

_____

Submitted Under Third Circuit LAR 34.1(a)
March 4, 2008

Before:  SCIRICA, *Chief Judge*, FISHER and ROTH, *Circuit Judges*.

(Filed: March 31, 2008)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Maurice Davis appeals his sentence of 240 months imprisonment on the basis that

the sentence that the District Court imposed on him was unreasonable.  Pursuant to a plea

agreement, Davis pleaded guilty to one count of conspiracy to interfere with interstate

commerce by robbery and two counts of interference with interstate commerce by robbery, in violation of 18 U.S.C. § 1951(a), and one count of using and carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). For the reasons that follow, we will affirm the judgment of the District Court.

I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

In December 2004, Davis and two co-defendants developed a plan to rob a Sally Beauty Supply store in Philadelphia. On December 23, 2004, the men drove to the store and Davis' two co-defendants robbed it at gunpoint while Davis remained in the car. The three men then proceeded to rob a Sunoco store. While one of his co-defendants pointed a loaded gun at the clerk, Davis emptied the cash register. A high speed police chase ultimately ensued during which Davis sat in the back seat and acted as navigator. The robbers eventually struck another vehicle and crashed into a median. The police apprehended the three men and recovered the gun and some of the stolen money.

A federal grand jury indicted the three men for conspiracy and robbery, subjecting them to a maximum possible sentence of 20 years. Davis and his co-defendants were also charged with two counts of using and carrying a firearm during a crime of violence, a violation carrying a maximum sentence of life imprisonment, as well as a mandatory

2

minimum sentence of seven years, consecutive to any other sentence imposed. 18 U.S.C. § 924(c)(1)(A). Moreover, if convicted on both counts of violating § 924(c)(1)(A), each defendant could receive an additional twenty-five years mandatory consecutive incarceration.

All three defendants agreed to plead guilty to the conspiracy count, the two robbery counts and one count for violation of 18 U.S.C. § 924(c)(1)(A). In exchange for these guilty pleas, the government agreed to dismiss the other § 924(c)(1)(A) count. Davis' plea agreement also included sentencing stipulations which, pursuant to the United States Sentencing Guidelines Manual, included the following: that a firearm was brandished during each of the offenses; that Davis recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer; and, that due to his prior felony convictions, Davis was a career offender. In addition, Davis' plea agreement contained an appellate waiver.[1]

---

[1]Pursuant to the plea agreement, Davis waived, with limited exceptions, his right to a direct appeal of his conviction or sentence to this Court. Under his agreement with the Government, Davis may only file a direct appeal if it raises one or more of the following claims: (1) his sentence on any count of conviction exceeds the statutory maximum sentence; (2) the court erroneously departed upward pursuant to the Sentencing Guidelines; or (3) the sentencing judge, in exercising the court's discretion pursuant to *United States v. Booker*, 543 U.S. 220 (2005), imposed an unreasonable sentence *above* the final Sentencing Guidelines range determined by the court. As the District Court (1) imposed a sentence below the statutory maximum, (2) did not depart upward, and (3) imposed a sentence *below* the calculated Guidelines range, none of these exceptions apply here.

Prior to accepting Davis' guilty plea, the District Court reviewed the plea agreement with him in order to ensure that he was entering the plea knowingly and intelligently. Davis admitted that he aided in the preparation for the robbery, accompanied his co-defendants to the Sally Beauty Supply store, and was aware that the robbery was going to take place there and that a gun would be brandished during the robbery. In addition, Davis admitted that he helped prepare for, and participated in, the Sunoco store robbery, where a gun was also brandished. On December 20, 2005, following its colloquy, the District Court accepted Davis' plea, finding it to be knowing, voluntary, and supported by a factual basis.

The Presentence Investigation Report prepared by the Probation Office included the sentencing enhancements set forth in Davis' Guilty Plea Agreement, and calculated a sentencing range of 262 to 327 months based on the advisory United States Sentencing Guidelines. The District Court agreed with this range and found that it was properly calculated. However, because the District Court found that the Guidelines calculation somewhat overstated the criminal history of the defendant, the District Court imposed a below Guidelines range sentence of 240 months.

## II.

We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). Furthermore, we have jurisdiction over appeals, even where, as here, the defendant has waived his right to appeal. *United States v. Gwinnett*, 483 F.3d 200, 203 (3d Cir. 2007).

4

However, "we will not exercise that jurisdiction to review the merits of [such an appeal] if we conclude that [the defendant] knowingly and voluntarily waived h[is] right to appeal unless the result would work a miscarriage of justice." *Id.* Because Davis entered a guilty plea that enumerated the specific issues that he may appeal, the issues he may raise are limited to those contained in the guilty plea.

III.

Davis' appeal challenges the reasonableness of his sentence. However, because his plea agreement contained an appellate waiver, we can only review the merits of his claim if his plea was not knowing and voluntary, or if enforcing the waiver would work a miscarriage of justice. *See United States v. Khattak*, 273 F.3d 557, 563 (3d Cir. 2001). For the plea agreement to be knowing and voluntary, it must meet both the statutory requirements of Federal Rule of Criminal Procedure 11 ("Rule 11") and the constitutional requirements of *Boykin v. Alabama*, 395 U.S. 238 (1969). Accordingly, before accepting a guilty plea, the Court must address the defendant personally in open court and ensure that the defendant understands the terms of any provision in a plea agreement waiving the right to appeal or to collaterally attack the sentence. *See* Rule 11(c)(6). A review of the plea agreement proceedings establishes that through an extensive colloquy, the District Court properly questioned and advised Davis of his rights, took affirmative steps "to ensure that the plea was intelligent and voluntary," and ascertained the factual basis for

the plea pursuant to *Boykin* and Rule 11. *See Boykin*, 395 U.S. at 242. Thus, Davis' plea, including his appellate waiver, was knowing and voluntary.

We may also consider the merits of Davis' appeal if enforcing his waiver would work a miscarriage of justice. *See Khattak*, 273 F.3d at 563. We have adopted factors to consider in determining whether a miscarriage of justice occurred during the District Court proceedings, including "[t]he clarity of the error, its gravity, its character (*e.g.*, whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result." *Id.*

Here, Davis claims that it would work a miscarriage of justice to enforce the waiver because his sentence was unreasonable. In making this charge, he specifically challenges the sentencing enhancements for (1) brandishing a firearm and (2) reckless behavior in the course of fleeing from law enforcement officers. However, Davis not only stipulated to these factors in his plea agreement, but also raised no objection to them when questioned by the District Court regarding the factual basis for these stipulations. In addition, because Davis was sentenced as a career offender, convicted for violation of 18 U.S.C. § 924(c), and received a three-level credit for acceptance of responsibility, he automatically qualified for a Guidelines range of 262-327 under U.S.S.G. § 4B1.1(c)(3), meaning that the two enhancements about which he complains actually had no impact on the final calculated Guidelines range. Regardless, there is no indication that the District

6

Court's sentence is unreasonable. A sentence is considered reasonable if "the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)." *United States v. Grier*, 449 F.3d 558, 574 (3d Cir. 2006). The District Court properly discussed and weighed those factors during sentencing, even discounting one the stipulations regarding his criminal history. Based on the above, and the fact that nothing unusual or extraordinary occurred below, enforcement of the appellate waiver would not work a miscarriage of justice. Accordingly, we decline to exercise jurisdiction to review the merits of the appeal. *Gwinnett*, 483 F.3d at 203.

IV.

For the foregoing reasons, we will affirm the judgment of the District Court.