ALD-031                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2299
_____

UNITED STATES OF AMERICA

v.

MAURICE T. DAVIS,
                                    Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 2-05-cr-00454-003)
District Judge: J. Curtis Joyner
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 29, 2015

Before:  AMBRO, SHWARTZ and GREENBERG, Circuit Judges

(Opinion filed: November 2, 2015)
_____

OPINION*
_____

PER CURIAM

    Maurice T. Davis appeals from an order of the District Court denying his motion

to eliminate career offender designation and modify sentence.  For the reasons that

follow, we will summarily affirm.

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

A federal grand jury sitting in the United States District Court for the Eastern District of Pennsylvania indicted Davis on charges of conspiracy and robbery. He was also charged with two counts of using and carrying a firearm during a crime of violence. Pursuant to a plea agreement, Davis pleaded guilty to one count of conspiracy to interfere with interstate commerce by robbery and two counts of interference with interstate commerce by robbery, in violation of 18 U.S.C. § 1951(a); and one count of using and carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). In exchange for his guilty plea, the Government agreed to dismiss the other § 924(c)(1)(A) count. Davis' plea agreement also included sentencing stipulations which included the following: that a firearm was brandished during each of the offenses; that Davis recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer; and that due to his prior felony convictions he was a career offender. In addition, Davis' plea agreement contained an appellate waiver.

The Presentence Investigation Report prepared by the Probation Office included the sentencing enhancements set forth in Davis' plea agreement, and calculated a sentencing range of 262 to 327 months under the advisory Guidelines. At his sentencing hearing, Davis argued that his three prior state convictions for distribution of crack cocaine did not qualify him as a career offender under U.S.S.G. § 4B1.1 because all three were consolidated for sentencing purposes in the Philadelphia Court of Common Pleas. The District Court overruled this objection, noting that Davis had affirmed during his

2

guilty plea colloquy that his prior convictions qualified him for sentencing as a career offender. The District Court then found that the Guidelines calculation overstated Davis' criminal history and imposed a sentence of imprisonment of 240 months.

Davis appealed, contending that his sentence of 240 months' imprisonment was unreasonable. We affirmed, see United States v. Davis, 271 F. App'x 179 (3d Cir. 2008), holding that enforcement of his appellate waiver would not work a miscarriage of justice because the sentence was not unreasonable. Davis had argued that the sentencing enhancements for brandishing a firearm and reckless behavior in the course of fleeing from law enforcement officers were unreasonable. We explained that he had not only stipulated to these factors in his plea agreement, but also had raised no objection to them when questioned by the District Court regarding their factual bases. In addition, because he was sentenced as a career offender and convicted for violating of 18 U.S.C. § 924(c), the two enhancements actually had no effect on the final calculated Guidelines range. Id. at 181-82.

On May 21, 2009, Davis filed a motion to vacate sentence, 28 U.S.C. § 2255, challenging his classification as a career offender under U.S.S.G. § 4B1.1, and further alleging that his counsel was ineffective during his plea and sentencing. The Government sought to enforce the collateral attack waiver. In an order entered on December 9, 2009, the District Court denied Davis' § 2255 motion and enforced the collateral attack waiver. The Court further noted that Davis' claims, including his ineffective assistance of counsel claim, lacked merit. Davis did not appeal, and did not seek a certificate of appealability from this Court.

Thereafter, in December, 2010, Davis filed a motion for extraordinary relief, which the District Court denied on the basis of the appellate waiver and the absence of any merit to the motion, and, in May, 2011, Davis sought permission from the District Court to file a second or successive § 2255 motion, which the District Court dismissed, in pertinent part, for lack of jurisdiction.[1]

At issue in this appeal, on May 6, 2015, Davis filed a motion in the District Court "to Eliminate Career Offender Designation and Modify Sentence." He argued that his three prior state drug convictions did not qualify him as a career offender under the Guidelines because all three were misdemeanors and not felonies. In an order entered on May 6, 2015, the District Court denied the motion because it was an unauthorized second or successive § 2255 motion; because of the appellate waiver; and because it was meritless.

Davis appeals. We have jurisdiction under 28 U.S.C. § 1291. Our Clerk advised Davis that the appeal was subject to summary action under Third Cir. LAR 27.4 and I.O.P. 10.6. He was invited to submit a written response and he has done so. In his written response he argues that the District Court should have construed his motion as a motion to modify sentence under 18 U.S.C. § 3582(c)(2), which does not require prior authorization from a court of appeals before it may be filed in the District Court; that his plea is invalid; that counsel was ineffective at the plea and sentencing; and that his career offender sentence was improperly calculated.

---

[1] Only a court of appeals may grant authorization to file a second or successive § 2255 motion, see 28 U.S.C. §§ 2255(h) and 2244.

4

We will summarily affirm the order of the District Court because no substantial question is presented by this appeal, Third Circuit LAR 27.4 and I.O.P. 10.6. The District Court properly characterized Davis' motion as a successive § 2255 motion to vacate sentence. A motion to modify a sentence under 18 U.S.C. § 3582(c)(2) is the mechanism by which a prisoner may seek to have his sentence reduced because of a retroactive amendment to the Guidelines.[2] Davis' motion "to Eliminate Career Offender Designation and Modify Sentence" did not rely on a retroactive amendment to the Guidelines. The procedure available for a motion for reduction in sentence based on a prisoner's erroneous designation as a career offender is provided by 28 U.S.C. § 2255, rather than by 18 U.S.C. § 3582(c)(2). See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) ("Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution."). Since Davis already filed a § 2255 motion, the District Court lacked jurisdiction to consider Davis' motion and properly denied it.

Because Davis' 2009 motion under § 2255 was unsuccessful, a second or successive § 2255 motion must be certified by a court of appeals to contain either "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole,

---

[2] The statute provides that:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§ ] 994(o ), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Id. at 2255(h)(1)-(2). Davis cannot make this showing based on any of his allegations, including his allegation that his three prior state drug convictions are all misdemeanors, which we note, in any event, finds no support in the record.[3] Accordingly, we will not construe this appeal as an application for leave to file a second or successive § 2255 motion.

For the foregoing reasons, we will summarily affirm the order of the District Court denying Davis' motion to eliminate career offender status and modify sentence.

---

[3] According to the Government's sentencing memorandum, all three of Davis' state drug convictions are felonies, see Docket Entry No. 68.